UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Thomas Ivey, | : |
| | : Case No. 20-cv-278 |
| Plaintiff, | : |
| | : Judge Barrett |
| v. | : |
| | : Magistrate Judge Bowman |
| Hard Rock Casino | : |
| Cincinnati, LLC d/b/a JACK Casino, | : |
| | : |
| Defendant. | : |

**MEMORANDUM OPINION AND ORDER**

Plaintiff initiated this pro se lawsuit in the Hamilton County Court of Common Pleas. Pursuant to 28 U.S.C. § 1446, Defendant removed the case to this Court, invoking this Court's diversity jurisdiction.[1] (Doc. 1). Currently pending is Defendant's motion to dismiss, or in the alternative, for a more definite statement (Doc. 6) and the parties' responsive memoranda. (Docs. 10, 11). This Order grants the motion for a more definite statement.[2]

**I.    Background & Facts Alleged in Complaint**

Plaintiff filed a 2-page complaint supported by 23 pages of exhibits. (Doc. 5). In his complaint, Plaintiff alleges that he was hired by Caesars Entertainment to work as a Feature Bartender at a casino in January 2013. (Doc. 5, Compl. at PageID 47). At the time, the casino was operating as Horseshoe Casino, Cincinnati. (*Id.* at PageID 50). The

---

[1]The parties appear to be citizens of different states. Although the complaint does not identify a dollar amount for damages, Defendant states its belief that Plaintiff is seeking in excess of the jurisdictional threshold of $75,000, and Plaintiff does not dispute that representation.

[2]Because the alternative motion to dismiss is denied on a non-dispositive ground, it is included in this Order rather than being addressed by separate Report and Recommendation.

casino later transitioned into JACK Casino Cincinnati, operated by Defendant Hard Rock Casino. Plaintiff alleges "I was wrongfully terminated in June of 2019…, previously I had reported to HR of an incident with a coworker…." (*Id.* at PageID 45).

Prior to his termination, Plaintiff alleges that he was placed in a "threatening and confrontational position" by coworker and harassed a female supervisor. (*Id.*). He brought the altercation to the attention of Human Resources at the casino, "express[ing] how it was affecting [him] mentally and emotionally." (*Id.*). Plaintiff alleges that an unnamed HR representative told him that the office would investigate the incident, but that he was never contacted again. (*Id.*). After seeing the complained-of employee return to work (allegedly with no repercussions), Plaintiff attempted to speak with the unnamed HR representative and "was unsuccessful." (*Id.*) Plaintiff then attempted to speak to his supervisor and manager and was told that the matter was being handled, and to go home for the night. (*Id.*). Plaintiff refused to go home, and proceeded to the HR office where he spoke to Debra Davis, who told him that she would "handle this situation." (*Id.*). However, Plaintiff alleges that he was terminated the following week.

**II.     Analysis**

As a pro se litigant, Plaintiff's complaint is construed more liberally than would be a pleading drafted by a lawyer. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In addition, a "motion for a more definite statement is granted only when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed." *SKY Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 298 (S.D. Ohio 2000). Federal Rule of Civil Procedure 12(e) states that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a

> party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

Here, Defendant argues that several deficiencies in Plaintiff's complaint are so critical that Defendant is unable to formulate a response to the complaint: (1) the complaint does not contain numbered paragraphs; (2) the complaint does not identify the claims alleged or the law on which the claims are based; and (3) the complaint fails to include sufficient factual support for the claims asserted. (*See* Doc. 6 at 2, PageID 71).

### A. Numbered Paragraphs

Citing to an unpublished Tennessee case, Defendant complains that Plaintiff's complaint does not contain numbered paragraphs as required by Rule 10(b) of the Federal Rules of Civil Procedure.[3] However, this Court has previously held that "failure of a pro se plaintiff to comply with Federal Rule of Civil Procedure 10(b) and use numbered paragraphs does not prevent [a defendant] from interpreting the allegations against it." *Robinette v. Ohio Health Outreach Labs*, 2016 U.S. Dist. LEXIS 134623 at *7-8, 2016 WL 541001 (S.D. Ohio Sept. 29, 2016). "[E]ven in cases where a plaintiff's complaint is not a model of clarity and is technically in violation of Rule 10(b), the court may conclude that a more definite statement is not required." *Id.* (quoting *Greater New York Auto Dealers Ass'n v. Environmental Systems Testing, Inc.*, 211 F.R.D. 71, 79 (E.D.N.Y. 2002).

If Plaintiff's failure to number paragraphs were the only defect, the undersigned would not hesitate to deny Defendant's motion for a more definite statement. However,

---

[3]Plaintiff initiated this action in state court, where he was not bound by the Federal Rules of Civil Procedure.

3

because Plaintiff is required to provide a more definite statement of his claims for other reasons, he will be instructed to number his amended pleading for clarity.

### B. Failure to Sufficiently Identify Legal Basis for Claims

Defendant maintains that it is "unable to determine exactly what Plaintiff's claims are due to the lack of clarity regarding the allegations in his complaint." (Doc. 6 at 3). Yet, Defendant acknowledges that it "believes that Plaintiff seeks to assert claims of reverse gender discrimination and harassment/hostile work environment." (*Id.*) Viewing the Complaint in the light most favorable to the Plaintiff, Plaintiff alleges a pattern of behavior by a female supervisor. (Doc. 5, PageID 45). In email correspondence attached to the Complaint, Kevin Raleigh summarized a meeting regarding Plaintiff's relationship with his supervisor by describing the complained-of "repeated behavior (versus a mere 'one off')." The email also notes "a concern regarding the gender dynamic," adding a reference to a belief that "management would react quite differently if this situation involved a male manager and a female subordinate." (*Id.* at PageID 51).

Consistent with Defendant's view, the undersigned concludes that Plaintiff appears to be asserting *at least* two distinct claims of employment discrimination, including (1) reverse gender discrimination; and (2) hostile work environment. However, the undersigned also understands that Plaintiff may be attempting to assert a third claim of retaliatory discharge based upon his complaints to the Defendant's HR department. Much of Plaintiff's complaint speaks to his dissatisfaction with the HR process, while emphasizing the close temporal proximity of his termination following his complaints.

Despite the Court's liberal construction of Plaintiff's complaint as asserting several types of employment discrimination claims, it would be manifestly unfair to require the

Defendant to respond to the complaint in its current form. Federal and state employment discrimination laws are similar, but federal laws have different procedural prerequisites. Additionally, each of the three referenced employment discrimination claims requires a plaintiff to establish different elements of proof. It is true that notice pleading standards do not require a plaintiff to plead each and every element of his prima facie case, but only enough detail to state a "plausible" claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-512 (2002). Still, even under notice pleading, a plaintiff must identify the nature of his claims, including but not limited to whether Plaintiff is seeking redress under state or federal laws, or both. Thus, the Court will grant Defendant's motion and require Plaintiff to clearly articulate, through the use of captions and separate paragraphs, what types of claims he is asserting, how many claims he is asserting, and a citation to the applicable federal or state law or other authority on which each claim is based.

### C. Failure to Include Sufficient Factual Detail

Defendant relies chiefly on the third alleged deficiency of the complaint as grounds for dismissal. A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

The undersigned declines to consider the motion to dismiss on the merits, in part because Plaintiff should be permitted the opportunity to amend in order to clarify precisely what claims he is alleging. Once he provides a more definite statement of his claims, the Defendant and this Court will be able to evaluate whether Plaintiff has included sufficient factual detail to state a claim. At this juncture, however the motion to dismiss is premature pending the filing of a more definite statement in an amended complaint.

**III.     Conclusion and Order**

Accordingly, **IT IS ORDERED THAT:**

1. Hard Rock's motion for a more definite statement (Doc. 6) is **GRANTED**, with its alternative motion to dismiss to be **DENIED as moot** at this time, without prejudice to renew;

2. Plaintiff shall file an Amended Complaint on or before **September 16, 2020**, which shall include: (a) a case caption; (b) identification of the parties; (c) numbered paragraphs; (d) the use of headings or subheadings to identify each separate "Claim"; and (e) a citation to either state or federal law or other authority to identify the legal basis of each claim asserted. Plaintiff is strongly encouraged but not required to include additional factual detail to support any claims asserted.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

6