UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THOMAS IVEY, | Case No: 1:20-cv-278 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| HARD ROCK CASINO, LLC, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff initiated this pro se lawsuit in the Hamilton County Court of Common Pleas. Pursuant to 28 U.S.C. § 1446, Defendant removed the case to this Court, invoking this Court's diversity jurisdiction.[1] (Doc. 1). Currently pending is Defendant's motion to dismiss Plaintiff's amended complaint. (Doc. 14). After Plaintiff filed no timely response to the motion to dismiss, the Court directed Plaintiff to "SHOW CAUSE" on or before November 23, 2020 why the motion to dismiss should not be construed as unopposed and granted for the reasons stated. (Doc. 15). Plaintiff failed to timely respond to the "show cause" Order. Accordingly, the undersigned now recommends dismissal of Plaintiff's amended complaint.

**I.  Background**

Plaintiff initially filed a 2-page complaint supported by 23 pages of exhibits in state court. (Doc. 5). After removing the case to this Court, Defendant filed a motion to dismiss,

---

[1] The parties appear to be citizens of different states. Although the complaint does not identify a dollar amount for damages, Defendant states its belief that Plaintiff is seeking in excess of the jurisdictional threshold of $75,000, and Plaintiff does not dispute that representation.

or in the alternative, for a more definite statement. (Doc. 6). The Court denied the motion to dismiss, without prejudice to renew, but granted the motion for a more definite statement, directing Plaintiff to amend his complaint. (Doc. 12).

Plaintiff complied with the Court's Order on September 16, 2020 by filing an Amended Complaint that includes numbered paragraphs and a clear statement of the legal basis for Plaintiff's employment discrimination claim(s). (Doc. 13). In lieu of filing an Answer, Defendant filed a new motion to dismiss the Amended Complaint. (Doc. 14).

**II.     Analysis**

Defendant's motion seeks dismissal under both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The undersigned recommends that the motion be granted under Rule 12(b)(6).[2]

Plaintiff's Amended Complaint alleges that the Defendant engaged in discrimination, sexual harassment/hostile work environment, and retaliatory conduct in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). *See* 42 U.S.C. § 2000e-2(a)(1). Defendant's motion seeks dismissal of the amended complaint on grounds that Plaintiff failed to first exhaust his available administrative remedies as required under Title VII, by filing a Charge of discrimination with a competent administrative agency *See generally Love v. Pullman Co.*, 404 U.S. 522 (1972). If a plaintiff does not first present a claim to the Equal Employment Opportunity Commission ("EEOC") or its state equivalent,

---

[2]A motion to dismiss founded on Rule 12(b)(1) challenges the subject matter jurisdiction of this Court, whereas a motion filed under Rule 12(b)(6) questions whether the complaint states a claim as a matter of law. Within the body of its motion, Defendant erroneously cites to Rule 12(b)(1) when raising the issue of Plaintiff's failure to exhaust. In 2019, the United States Supreme Court clarified that Title VII's charge-filing requirement is mandatory under Title VII, but is not a jurisdictional doctrine. *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1852 (2019).

then that claim may not be brought before this Court. *See Younis v. Pinnacle Airlines Inc.*, 610 F.3d 359, 361 (6th Cir. 2010).

Plaintiff's complaint gives no indication that he has ever filed a Charge of discrimination with either the EEOC or the Ohio Civil Rights Commission ("OCRC"). Nor does Plaintiff allege that he has been issued a "Right to Sue" Notice from either the EEOC or the OCRC. Unless he has done so, Plaintiff may not bring the asserted Title VII claims in this Court. *See* 42 U.S.C. § 2000e-5(e)(1). Because Defendant is entitled to dismissal of Plaintiff's complaint based upon Plaintiff's failure to satisfy a statutory prerequisite to suit under Title VII, the Court finds no need to reach the additional and alternative grounds on which Defendant's motion is based.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

Hard Rock's motion to dismiss (Doc. 14) should be **GRANTED**, with Plaintiff's amended complaint being dismissed without prejudice.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| THOMAS IVEY, | Case No: 1:20-cv-278 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| HARD ROCK CASINO, LLC, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within FOURTEEN (14) DAYS of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within FOURTEEN (14) DAYS after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).